UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00190-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ELSA MARIA HEREDIA DE RIVERA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is be a letter dated February 6, 2014, from defendant questioning why she is still being held after serving 85% of a 24 month term of imprisonment. She also questions why she has not been transferred to the custody of the DHS for deportation after completion of her sentence. Review of the Judgment, entered the same day defendant sent her letter, reveals that she received a sentence of 2 years and 1 day. Review of the docket reveals that defendant was placed in federal custody in regards to this case on April 20, 2012.

Defendant is advised that calculation of service of a sentence, as well as jail credit, is left to the Director of the Bureau of Prisons. When the Attorney General decides to commence deportation proceedings and transfer a prisoner to Department of Homeland Security custody is not a matter within this court's perview. "Congress eliminated any presumption of release pending deportation, committing that determination to the discretion of the Attorney General." Reno v. Flores, 507 U.S. 292, 306 (1993); 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(a).

While the court is very aware that defendant desires to return to her home country as soon as possible, there is no relief this court can afford her at this point as it appears that she is being

1

lawfully held by the BOP/U.S. Marshal under the 2 years and 1 day sentence imposed by this court, which has yet to run.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in her letter, such relief is denied as non-justiciable.

Signed: 2/21/2014

Max O. Cogburn Jr.
United States District Judge